1 of 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:20-cr-00164-LY-1 |
| | § | |
| STEVE LYNELL SPENCE, JR., | § | |
| Defendant | § | |

## Order on Petition for Action on Conditions of Pretrial Release

In accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148, on March 17, 2021, a hearing was held before the undersigned Magistrate Judge on the U.S. Pretrial Services' Petition for Action on Conditions of Pretrial Release (Dkt. 31). In the Petition, Pretrial Services alleged that Defendant violated the following conditions of his release:

(1) The defendant must not violate federal, state, or local law while on release; and

(7)(r) The defendant must report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

On July 31, 2020, one week after his release by this Court, Defendant was arrested by the Austin Police Department on a misdemeanor charge of Evading Arrest/Detention, which remains pending. On January 19, 2021, Defendant pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and his sentencing is set for April 15, 2021.

The Court has carefully reviewed the original Pretrial Services Report, the docket, the Petition, and the arguments of counsel. Having considered this information, pursuant to § 3148(b)(1)(B), the Court finds by clear and convincing evidence that Defendant violated condition (7)(r) of his release by failing to report his arrest on July 31, 2020.

Nonetheless, U.S. Pretrial Services Officer Evan Cisneros testified that Defendant generally has complied with the other conditions of his release for the past eight months, except that he submitted urinalysis results positive for cocaine on January 12, 2021, and January 25, 2021, resulting in an increased frequency of drug testing. *See* Dkt. 29. In view of Defendant's overall compliance, the Court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if he remains on release, and that Defendant is likely to continue to abide by his conditions of release. *See* 18 U.S.C. §§ 3142, 3143(a)(1), 3148(b)(2).

It is therefore **ORDERED** that the Petition for Action on Conditions of Pretrial Release is **DENIED**. Defendant remains on pretrial release subject to all conditions in the Court's Order Setting Conditions of Release (Dkt. 11).

**SIGNED** on March 17, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE